SAMUEL S. KIMBALL et al., Appellants, *v.* ALPHONSO YATES, Appellee.

APPEAL FROM KANE.

A parol license to cross a man's farm is revocable at the will of the party making it.

Commissioners appointed to assess the damages a party may sustain by the opening of a road across his premises, have not authority to make an agreement in relation thereto; and any such unexecuted agreement may be revoked.

THIS was an action of trespass *quare clausum fregit* by Yates against Kimball and Lambert, for entering upon the close of Yates, and throwing down and laying open certain fences, &c. &c.

Kimball and Lambert pleaded : 1st. The general issue. 2d. That the fence when they threw it down inclosed and fenced in a public highway, which run across said highway and obstructed it, and that they entered, if at all, upon said close by going along a highway across said close. 3d. That they owned a farm contiguous to the close on which the supposed trespass was committed, and that they and others had been accustomed to pass and repass the close in question on said assumed highway for ingress and egress to their farm.

Issue was joined on these pleas, and the cause was submitted

to a jury, who found a verdict for plaintiff. The cause was heard before J. G. WILSON, Judge, at May term, 1853, of the Kane Circuit Court.

J. H. MAYBORN, for appellants.

WELLS and HARRINGTON, for appellees.

CATON, J. This judgment must unquestionably be affirmed. As to the license set up in the defence, admitting one was ever given, of which the defendant was entitled to avail himself, it was revocable at the will of the plaintiff at any time before the public acquired an easement over the premises in question, by the establishment and opening of the road in a legal way.

The record shows, that no such road was ever established and opened. The agreement between the plaintiff and the commissioners appointed to assess the damages which the plaintiff would sustain by the opening of the road, was not within the jurisdiction of the commissioners to make; and, at least, so long as it remained executory, was revocable at the will of the plaintiff, and certainly till it should be completed by the construction of the fence, and the actual opening of the road. This was never done. The plaintiff always retained the entire possession of the premises. He allowed bars and a gate to be erected, and the public to pass through them and over his land for a time. But this was a mere matter of sufferance, and he retained the right to forbid it. He could not be divested of his legal right to the exclusive possession of his land, and the public invested with an easement over it, till the road had been regularly laid out and actually opened, and the damages paid, or an actual or implied waiver by him of his right to claim damages. This had never been done, and his right to exclude the public, or any portion of the public, from the privilege of passing over his premises was undoubted. This supersedes the necessity of examining the question which was so strongly urged at the bar, as to whether the records of the county commissioners' court could be helped out or explained by parol evidence; for with all the parol evidence offered, the defendants' case would not be made out.

It is unnecessary to examine the instructions in detail which were given for the plaintiff. They all assert plain and simple propositions of law, applicable to the case made by the evidence. As to the instructions asked for on the part of the plaintiff, and refused by the court, it is sufficient to remark, that no exception was taken to the decision of the court in refusing them. Had they been excepted to, however, it would not alter the case in

the least. Such of them as contain correct legal propositions in themselves were not adapted to the case in proof before the jury; and there not being evidence in the case which would authorize the jury to apply the instructions asked, the court did right in refusing to incumber the case with them.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*